JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 5:23-CV-02183-AB-KK | Date: | February 12, 2024 |
|---|---|---|---|

| Title: | *Andres J. Lopez v. Nordstrom, Inc. et. al* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER GRANTING MOTION TO COMPEL ARBITRATION (DKT. 17)

Defendants Nordstrom, Inc. ("Nordstrom") and Advantage Workforce Services, LLC ("AWS") (collectively "Defendants") move to compel arbitration Dkt. 17. Plaintiff, Andres J. Lopez, opposes. Dkt. 20. Plaintiff also moved to remand this action to state court (Dkt. 13), to which Defendants opposed (Dkt. 18). The Court heard oral argument on January 19, 2024, and **DENIED** Plaintiff's motion to remand from the bench, and took the motion to compel under submission. Dkt. 32. Having reviewed all relevant pleadings, the Court hereby **GRANTS** Defendant's motion to compel for the following reasons.

I.  **Background**

AWS, a California based staffing agency that matches businesses with short-term, seasonal, and temp-to-hire workers, matched Plaintiff with Nordstrom, a Seattle-based national department store chain. *See* Dkt. 17-1 at 2. During the onboarding process, Plaintiff "completed and signed several personnel documents,

including the Arbitration Agreement". Dkt. 17-1 at 2. The Arbitration Agreement states:

> "[The Parties] mutually agree that any and all disputes or claims between the Parties will be resolved in individual arbitration. The Parties further agree that by entering into this Agreement, they waive the right to have any dispute or claim brought, heard, administered, resolved, or arbitrated as a class, collective, or mass action, and an arbitrator shall not have any authority to hear or arbitrate any class, collective, and/or mass action, or to award relief to anyone but the individual in arbitration ("Class Action Waiver")."

Ex. A to Olavarria Decl. at § 6.

Plaintiff was employed for two days, from November 6, 2021, to November 8, 2021, at a warehouse and shipping dock at Nordstrom's Ontario, California facility. Lopez Decl. ¶¶ 4-5; Complaint ¶¶2, 4, 7,16. Lopez' duties as a warehouse worker was to unload products and to prepare the products for shipping to locations inside and outside of California. Lopez Decl. ¶ 5. Lopez would also unload incoming trucks and move the boxes and pallets from the trucks. *Id*. Following his placement with Nordstrom, Plaintiff filed this putative wage and hour class action suit on behalf of himself and others similarly situated alleging numerous employment law causes of action, including failure to pay minimum wage, failure to pay overtime, and other violations of the California labor code. *See* Complaint.

## II. Legal Standard

Pursuant to the Federal Arbitration Act ("FAA"), "[a] written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *See* 9 U.S.C. § 2. Whereas federal policy has previously favored arbitration agreements, *see e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), after the Supreme Court's holding in *Morgan v. Sundance, Inc.* 596 U.S. 411 (2022), this is no longer so. In early 2023, the Ninth Circuit recognized that there is no longer "a special rule favoring arbitration…[r]ather, courts must hold a party to its arbitration contract just as the court would to any other kind but may not devise novel rules to favor arbitration over litigation".

*Armstrong v. Michaels Stores, Inc.,* 59 F.4th 1011, 1014 (9th Cir. 2023). Still, the Court must determine "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Solis v. Experian Info. Sols., Inc.*, 629 F. Supp. 3d 1016, 1018 (C.D. Cal. 2022) (citing *Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1058 (9th Cir. 2013) (en banc).

Relevant here, the FAA exempts "seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. Known as the transportation worker exemption, the Supreme Court has read this federal law to exempt employees who are "actively engaged in transportation [of goods] across borders via the channels of foreign or interstate commerce" on a "frequent basis". *Southwest Airlines Co. v. Saxon*, 596 U.S. 450, 456, 458 (2022) (internal citations omitted). Thus, the analysis begins with defining the relevant "class of workers" to which the Plaintiff belongs, then determining whether that class of workers is engaged in foreign or interstate commerce. *Id*. at 455.

In *Southwest*, the Court noted that whether the exemption applies to a class of workers is based upon the *workers'* conduct, rather than that of their *employer's*, and in doing so, rejected an industry-wide approach to the analysis. *Southwest Airlines Co. v. Saxon*, 596 U.S. 450, 456 (2022). In other words, we must look to the work performed by the Plaintiff rather than the type of industry the Defendants are in. Courts in California comport with this understanding. *See e.g Muro v. Cornerstone Staffing Sols., Inc.*, 20 Cal. App. 5th 784, 791 (2018) ("Absent specific direction from the United States Supreme Court, we decline to engraft additional language on section 1 by requiring that workers who are actually engaged in transporting goods in foreign or interstate commerce also prove that their employer is involved in the 'transportation industry.'"); *Valdez v. Shamrock Foods Co.*, 2023 WL 2624438, at *3 (C.D. Cal. Mar. 16, 2023) ("In determining the class of workers, this Court considers only the nature of the work [the plaintiff] performed, not the type of business [his employer] conducts."). Further, the Ninth Circuit has also acknowledged that a worker need not cross state lines himself to invoke the exemption. *Rittmann v. Amazon.com, Inc.*, 971 F.3d 904, 911 (9th Cir. 2020) (citing various cases). Finally, whether the goods at issue make a brief stop at the warehouse does not necessarily mean that they were not inevitably destined from the outset to be on an interstate journey. *Carmona Mendoza v. Domino's Pizza, LLC,* 73 F.4th 1135, 1138 (9th Cir. 2023).

### III. Discussion

Here, Plaintiff does not dispute that a valid arbitration agreement exists, that an arbitration agreement was signed, or that the underlying causes of action are arbitrable. Instead, Plaintiff contends that the FAA does not apply because he is a transportation worker and is therefore exempt pursuant to 9 U.S.C. § 1. Defendants, for their part, argue that neither Nordstrom nor AWS are in the transportation industry and that Plaintiff has not sufficiently plead facts that prove he, per *Southwest*, "*frequently* and *actively*" engaged in interstate commerce, nor has he identified the class of workers he is part of.

Plaintiff, who worked at a warehouse and shipping dock as a "Warehouse Associate", stated in his declaration that:

> "[he] worked for Nordstrom, Inc. in their warehouse and the shipping dock part of the facility. In my position as a Warehouse Associate at Nordstrom, Inc., I would box up Nordstrom, Inc. merchandise like clothing items which Nordstrom, Inc. received and processed in the facility. I would also package the merchandise in boxes, stock pallets and shrink wrap the pallets to get them ready for shipping. I also worked in the upstairs section of the warehouse where I would take merchandise out of the boxes and sort the items by size and hang up the garments. I would work on both the receiving end and shipping end of the warehouse. I also assisted with loading boxes and pallets off the trucks that would arrive to the shipping dock. My understanding is that the locations where the boxes and pallets were being sent would include locations in California and would regularly include locations outside of California. I spent all of my time at Nordstrom, Inc. performing these duties. There were approximately 50 employees like me working at the Nordstrom, Inc. warehouse. Lopez Decl. ¶ 5.

Whether Nordstrom or AWS is in the transportation industry is of no consequence because this Circuit does not follow the industry wide analysis. It is possible that workers at a warehouse distribution center for a retail company *may* fall within the transportation worker exemption if circumstances warrant such a conclusion. However, even if this Court were to accept Plaintiff's declaration as evidence, the Court cannot conclude that Plaintiff has demonstrated that he *frequently* and *actively* engaged in interstate commerce during his two-day, 12-hour employment with Nordstrom, nor that he was part of a class that did. At best,

Plaintiff "assisted" with unloading and loading boxes onto a truck that *may* have wound up in location outside of California but much of his work description appears to focus most on handling the garments, either packing them into boxes, sorting them, or hanging them up. This conduct does not bring Plaintiff within the scope of the transportation worker exemption.

Thus, because the transportation worker exemption does not apply, and because the Arbitration Agreement is not otherwise contested or deficient, the Court hereby **GRANTS** Nordstrom's Motion to Compel Arbitration.

The Court hereby **ORDERS** that this action is **STAYED** pending arbitration. The parties are **ORDERED** to file Joint Status Reports every 120 days, and a Final Joint Status Report within 14 days after the arbitration concludes, along with any appropriate stipulation proposing how to proceed with this case, and a proposed Order. Each Joint Report must indicate on its face page the due date for the next one. Defendant is **ORDERED** take primary responsibility for filing the Joint Reports.

In light of the stay, this action is removed from the Court's active caseload and is **ADMINISTRATIVELY CLOSED** until further application by the parties or Court Order. The Court retains jurisdiction. Any pending calendar dates are **VACATED.**

**IT IS SO ORDERED**.